**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4739**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT ANTONIO PARKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever, III, Chief District Judge. (7:16-cr-00116-D-23)

Submitted: July 26, 2018                              Decided: July 30, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Antonio Parker appeals his conviction and 137-month sentence after pleading guilty to conspiring to distribute and possess with intent to distribute a quantity of cocaine and 28 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). Parker's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues, but questioning whether (1) Parker's guilty plea was conducted in compliance with Fed. R. Crim. P. 11, and (2) his sentence is reasonable. Parker has been notified of his right to file a pro se brief, but has not filed one. We affirm.

Because Parker did not attempt to withdraw his guilty plea in the district court, we review his Rule 11 hearing for plain error. *United States v. Sanya,* 774 F.3d 812, 815-16 (4th Cir. 2014). To establish plain error, an appellant "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. Even if an appellant satisfies these elements, we may exercise our discretion to correct the error only if it seriously affects "the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Because the district court substantially complied with Rule 11 in conducting Parker's plea colloquy, we affirm Parker's conviction.

Next, Parker questions whether the district court placed an inordinate weight on Parker's criminal history in determining his sentence. We review a criminal sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), and presume that a sentence

2

imposed within a properly calculated advisory Sentencing Guidelines range is reasonable, *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). This presumption may be rebutted only with a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) factors." *United States v. Dowell*, 771 F.3d 162, 176 (4th Cir. 2014). The district court correctly calculated Parker's advisory Guidelines range as 110 to 137 months' imprisonment, heard arguments from counsel, provided Parker an opportunity to allocute, considered the § 3553(a) sentencing factors, and adequately explained the basis for the sentence imposed at the top of the Guidelines range. Parker has not made the showing necessary to rebut the presumption of reasonableness afforded to this sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Parker, in writing, of the right to petition the Supreme Court of the United States for further review. If Parker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3